# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEALTH SCIENCE DISTRIBUTORS,
CO.,**


**-vs-**                                                    Case No.  **6:10-cv-1797-Orl-31KRS**

**ROBERT USHER-SPARKS; TREVOR
TAYLOR; WELLSPRINGS TRADING,
LTD; WELLSPRINGS LTD; and SARATI
INTERNATIONAL, INC.,**

                               **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS ROBERT USHER-SPARKS & TREVOR TAYLOR'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5), LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2), AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) (Doc. No. 62)** |
| **FILED:** | **July 25, 2011** |

## I.      PROCEDURAL HISTORY.

Plaintiff Health Science Distributors, Co. (Health Science) alleges in it second amended

complaint that Defendants Robert Usher-Sparks, Trevor Taylor, Wellsprings Trading Ltd.,

Wellsprings Ltd. (collectively Wellsprings) and Sarati International Inc. (Sarati) infringed Health

Science's "Serenity" trademark and engaged in unfair competition in violation of the Lanham Act,

15 U.S.C. §1125(a) and infringed a Florida registered trademark and engaged in unfair

competition in violation of Florida law. Health Science also alleged that Wellsprings Trading Ltd.

and Wellsprings Ltd. engaged in cybersquatting in violation of 15 U.S.C. § 1125(d).

Defendants Usher-Sparks and Taylor filed a motion to dismiss the second amended

complaint based on insufficiency of service of process, lack of personal jurisdiction and improper

venue. Doc. No. 62. Health Science responded to the motion. Doc. No. 63. The motion is ripe

for determination and was referred to the undersigned for the issuance of a Report and

Recommendation.

## II.    ANALYSIS.

Because I find the issue of service of process to be dispositive of the motion at this stage of

the litigation, I will address that issue first.

In the original and amended complaints, Health Science sued Usher-Sparks and Taylor as

individuals who conducted business as Wellsprings Trading, Ltd. Doc. No. 1 ¶¶ 2, 3; Doc. No. 6

¶¶ 2, 3. The caption of the original and amended complaints referred to the defendants as: "Robert

A. Usher-Sparks dba Wellsprings Trading Ltd., an individual" and "Trevor Taylor dba Wellspring

Trading Ltd., an individual." Doc. Nos. 1, 6. In the second amended complaint, Health Science

named as parties, in relevant part, Usher-Sparks and Taylor in their personal capacity only and

Wellsprings Trading Ltd. and Wellsprings Ltd. as foreign corporations. Doc. No. 59.

Health Science contends that it has perfected service on Usher-Sparks and Taylor pursuant

to the Hague Convention, the United Kingdom's rules of service of process and pursuant to

Federal Rule of Civil Procedure 4(f). Health Science did not file any return of process in support of its assertion. Usher-Sparks and Taylor did file documents which show that service was attempted on them individually at the location of Wellsprings Trading Ltd. in Guernsey. Doc. Nos. 18-3, 18-4. The summons was apparently left with the office administrator who refused to accept service on behalf of Usher-Sparks or Taylor. *Id*.

The Hague Service Convention ("Hague Convention"), 1969 WL 97765 (U.S. Treaty), is a treaty that provides a simplified "way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengessellschaft v. Schlunk,* 468 U.S. 694, 698 (1988). Both the United States and the United Kingdom are parties to the treaty, and it applies to all civil cases where there is an occasion to transmit a judicial document for service abroad. Article 2 of the Hague Convention provides that each contracting State shall designate a Central Authority that will receive requests for service from other contracting States and then will serve the document. The principal method for service under the Hague Convention is through the designated Central Authority. *Julien v. Williams*, No. 8:10-cv-2538-T-24-TBM, 2010 WL 5174535, at *1 (M.D. Fla. Dec. 15, 2010).

Federal Rule of Civil Procedure 4(f)(1) provides for service of a foreign individual defendant as authorized by the Hague Convention. Federal Rule of Civil Procedure 4(f)(2)(A) provides that if the Hague Convention allows other methods of service that are not specifically identified therein, then a plaintiff can serve a foreign individual defendant "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Article 19 of the Hague Convention provides that "[t]o the extent that the internal law of a

contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions." 1969 WL 97765 (U.S. Treaty).

Here, Health Science has not offered any evidence or briefing on the types of service of process allowed under the Hague Convention and United Kingdom law. Health Science contends that it served Usher-Sparks and Taylor pursuant to Rule 6.9 of the Civil Procedure Rules of the Ministry of Justice in the United Kingdom. However, Health Science did not file any authenticated documents setting forth these rules, and Usher-Sparks and Taylor filed only unauthenticated documents purporting to set forth the text of these Rules. Doc. No. 18-5.

Even assuming that the Rules filed by Health Science are the applicable British law, Health Science has not established that Rule 6.9 would apply to the present dispute. By its terms, Rule 6.9 only applies where personal service (Rule 6.5(1)), service on the solicitor (Rule 6.7) and service on an address provided by the defendant (Rule 6.8) do not apply. Because Health Science has not established that these other rules do not apply, it has not established that application of Rule 6.9 would be appropriate. Accordingly, Health Science has failed to show that service has been perfected on Usher-Sparks or Taylor as individuals.

Fed. R. Civ. P. 4(m) provides that if a Defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specific time. More than 120 days has elapsed since Health Science filed the original complaint, which named Usher-Sparks and Taylor as individual defendants, albeit doing business at Wellsprings. Accordingly, under Rule 4(m), the Court may either dismiss the action without prejudice as to Usher-Sparks and Taylor or establish a date by

which service of process must be perfected.[1]   Given the progress of this case to date, I

recommend that Health Springs be given thirty (30) days from the date of an Order on this Report

and Recommendation to perfect service on Usher-Sparks and Taylor.

In its response, Health Science argues that the Court can exercise personal jurisdiction

over Usher-Sparks and Taylor pursuant to Federal Rule of Civil Procedure 4(k) and that

nationwide contacts with the United States should be considered in determining jurisdiction.

However, Rule 4(k) is applicable only following service of process. *See* Fed. R. Civ. P. 4(k)(1).

Because service has not been perfected, an opinion regarding the existence of jurisdiction would

only be advisory at this point.  Only after service is perfected can the Court properly consider the

issues raised under Florida's long arm statute, alterative fora in which jurisdiction could be

exercised, and the possibility of nationwide jurisdiction under Rule 4(k).

## III.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendants Robert Usher-Sparks

and Trevor Taylor's Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ.

P. 12(b)(5), Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and Improper

Venue Pursuant to Fed. R. Civ. P. 12(b)(3), Doc. No. 62, be **DENIED without prejudice**.  I

---

[1] Usher-Sparks and Taylor contend that pursuant to British law, they can no longer be served with process because British law prohibits service of process more than 120 days from the date of issuance of the summons.  The only legal authority they rely on for that assertion is a Queen's Bench decision citing provisions of British law that have not been filed. Doc. No. 32-3. Without further development of British law, preferably through the sworn statement of an individual with training and experience in British law, there is insufficient information before the Court to conclude that the time for perfecting service of process on Usher-Sparks and Taylor has elapsed and cannot be extended by this Court.

further recommend that Health Science be given thirty (30) days following the entry of an Order on this Report and Recommendation to perfect service on Usher-Sparks and Taylor and file proof of service. If Health Science fails to perfect service within that time period, I recommend that their claims against Usher-Sparks and Taylor be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 3, 2011.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy