UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEALTH SCIENCE DISTRIBUTORS,
CO.,

-vs-                                                    Case No.  6:10-cv-1797-Orl-31KRS

ROBERT USHER-SPARKS; TREVOR
TAYLOR; WELLSPRINGS TRADING,
LTD; WELLSPRINGS LTD; and SARATI
INTERNATIONAL, INC.,

                         Defendants.
_____

# ORDER

This cause comes before the Court on a motion to dismiss (Doc. 87) filed by Defendant Sarati

International, Inc. ("Sarati"); and the response (Doc. 89) filed by Plaintiff Health Science Distributors,

Co. ("Health Science").

## I. Background

The following facts are alleged in the Second Amended Complaint and are taken as true for

the purpose of ruling on the motion to dismiss. Health Science manufactures, distributes, and sells

"progesterone creme products" under the trademark "Serenity." From 1996 to 2007, Defendant

Wellsprings Ltd. ("Wellsprings") was the authorized distributor of Serenity products in the United

Kingdom. When the business relationship ended in March 2007 however, Wellsprings continued to

sell products with the Serenity label without the knowledge or consent of Health Science. Wellsprings

engaged the services of Sarati to "manufacture, distribute, promote, offer for sale and sell"

progesterone cream bearing the Serenity mark.  Defendant Sarati is a "private label manufacturer" that was contracted by Health Science in the past to manufacture the Serenity product. Accordingly, at the time it began producing "Serenity" labeled products for Wellsprings, it was aware that Heath Science in fact owned the trademark.

Plaintiff filed suit on December 2, 2010 asserting claims of (1) trademark infringement under 15 U.S.C. § 1125(a); (2) infringement of a registered Florida trademark under Fla. Stat. §495.131; (3) common law unfair competition; and (4) cybersquatting in violtion of 15 U.S.C. § 1125(d). Sarati now moves to dismiss each claim pursuant to FED. R. CIV. P. 12(b)(6).

## II. Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause

of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## III. Analysis

Sarati moves to dismiss each claim on the basis that it "merely manufactures the progesterone cream product at issue and applies labels supplied by Wellsprings." (Doc. 87 at 4).[1] This, it argues, does not constitute 'use in commerce' as required to establish each claim for relief.[2] *Id.*

In order for a mark to be "use[d] in commerce" the mark must be "placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto." *See* 15 U.S.C. § 1127. If such an unauthorized "use" is shown by the plaintiff, the first prong of a trademark infringement action has been satisfied. *Optimum Techs. Inc. v. Henkel Consumer*

---

[1] Sarati appears to misunderstand the purpose of a motion to dismiss. For example, in support of its assertion that Plaintiff's claims "are simply not true," Sarati cites a "declaration" of its president and attaches the Manufacturing Agreement between it and Wellsprings. (Doc. 87 at 6). Although both documents are attached to the motion to dismiss, they are not attached or mentioned in the Second Amended Complaint.

The purpose of a motion to dismiss under Rule 12(b)(6) is not to contest the veracity of a plaintiff's claims. *See supra*, Part II. Further, because the Court must limit its consideration to the pleadings and any exhibits attached thereto, it declines to consider Sarati's proffered evidence. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

[2] Sarati contends that each cause of action asserted in the Second Amended Complaint requires as an element that a defendant "use" the trademark in question. (*See* Doc. 87 at 2, n.1) (citing *Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004).

*Adhesives, Inc.*, 496 F.3d 1231 (11th Cir. 2007); *see also* 15 U.S.C. § 1114(1)(a); *Burger King Corp. v. Mason*, 710 F.2d 1480, 1491 (11th Cir. 1983).

In this case, there appears to be no dispute that Sarati actually placed the infringing labels on the packaging. Sarati appears to argue, based on *Optimum*, that such 'use' should be attributed solely to Wellsprings because it provided the labels.[3] In *Optimum*, a defendant-distributor was not liable for the infringement of retailers that incorrectly labeled products. In that case, the plaintiff manufactured a trademarked "carpet adhesive" product called "Lok-Lift," which it sold to various home improvement stores. 496 F.3d 1231 (11th Cir. 2007). Defendant began producing a similar product and used its influence in the market (combined with its position as plaintiff's distributor) to replace Lok-Lift with its own product called "Hold-It." *Id.* at 1235-39. As retailers sold out of Lok-lift, they replaced it with the similar Hold-It–often resulting in Hold-It products being placed on shelves labeled "Lok-Lift." The court found that this was sufficient to constitute an "unauthorized use" in commerce by the retail stores. *Id.* at 1242. (citing *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1252 (9th Cir.1982) (stating, where a defendant-restaurant gave store customers Coca-Cola when they asked for Pepsi, and indicated on store receipts that its customers were getting "Coke" when they were in fact getting "Pepsi," that "[t]aken alone, such conduct ... appears to present a clear-cut case of trademark infringement")). The "pivotal question" in the eyes of the court however, was whether the 'misplacement' of Hold-It products on "Lok-Lift" labeled shelves should be attributed to the defendant. *Id*. The court found that defendant was not liable because the labels were printed and placed on the shelves by the retailers without the knowledge of the defendant.

_____

[3] Both parties apparently agree that *Optimum* controls as to this issue.

*Optimum* does not stand for the proposition that "he who prints the label commits the infringement," as Sarati appears to argue. Instead, in affirming summary judgement, the court concluded that "there is no evidence that [defendant] itself 'misused' the Lok-Lift mark, that is, that it 'placed' the Lok-Lift mark on 'goods' or 'displays' at the level of the retail stores." *Id*. at 1243. Rather, the defendant "advised its retailers" that it would be "switching over to a new 'rug gripper product,' " and that the Lok-Lift would no longer be available. *Id*. at 1244. In this case, the Second Amended Complaint alleges that Sarati effectively "placed" the Serenity mark on a product it manufactured, and that it was aware of the alleged infringement. (Doc. 59, ¶ 45). Sarati's proffered evidence notwithstanding,[4] the Court finds that the Second Amended Complaint sufficiently states a cause of action for direct infringement against Sarati.

Further, even if it is correct that Wellsprings was solely responsible for the *direct* infringement in this case, the Second Amended Complaint sufficiently alleges a cause of action for contributory infringement. To establish such a claim, a plaintiff must show "a direct infringement by a third party, and . . . an intentional or knowing contribution to that infringement by the defendant." *Id*. (citing *Inwood Labs., Inc. v. Ives Labs., Inc*., 456 U.S. 844, 850 (1982)) (stating that Ives "allege[d] that the [manufacturers] contributed to the infringing activities of pharmacists who mislabeled [generic drugs]").[5] The Second Amended Complaint states, *inter alia*, "Wellsprings engaged Sarati to manufacture, distribute, promote, offer for sale and sell natural progesterone cream bearing the

---

[4] *See supra*, note 1.

[5] The court in *Optimum* declined to construe plaintiff's case as one for contributory negligence because the necessary elements had not been pled. *Optimum Techs. Inc.,* 496 F.3d at 1246 (noting that there we no allegations of " 'contribution' to a direct trademark infringement or of a 'knowing participation' in a direct trademark infringement.").

SERENITY Mark," (Doc. 59, ¶ 30), that Sarati is currently "manufacturing, distributing, promoting, offering for sale and selling" such a product, (Doc. 59, ¶ 31), and "[s]everal years ago, Sarati manufactured progesterone cream for Plaintiff bearing the SERENITY Mark. Thus[,] Sarati is well aware of Plaintiff's rights in the SERENITY Mark." (Doc. 59, ¶ 45). These allegations are sufficient to state a cause of action for contributory infringement.

Therefore, it is **ORDERED** that Defendant's Motion (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 10, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**