**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HEALTH SCIENCE DISTRIBUTORS, CO.,**

**-vs-**                                                  **Case No. 6:10-cv-1797-Orl-31KRS**

**ROBERT USHER-SPARKS; TREVOR TAYLOR; WELLSPRINGS TRADING, LTD; WELLSPRINGS LTD; and SARATI INTERNATIONAL, INC.,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS ROBERT USHER-SPARKS AND TREVOR TAYLOR'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) (Doc. No. 69)[1]
>
> **FILED:** October 28, 2011

---

[1] The Court will address the remaining arguments regarding personal jurisdiction and venue in a separate Report and Recommendation.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS WELLSPRINGS TRADING LTD. AND WELLSPRINGS LTD.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5)(Doc. No. 70)** |
| **FILED:** | **October 31, 2011** |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE(Doc. No. 80)** |
| **FILED:** | **November 28, 2011** |

**I.    PROCEDURAL HISTORY**.

Plaintiff Health Science Distributors, Co. (Health Science) alleges in its second amended complaint that Defendants Wellsprings Trading Ltd., Wellsprings Ltd. (collectively the Wellsprings entities), Sarati International Inc. (Sarati), Robert Usher-Sparks and Trevor Taylor infringed Health Science's "Serenity" trademark and engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a), and infringed a Florida registered trademark and engaged in unfair competition in violation of Florida law. Health Science also alleges that the Wellsprings entities engaged in cybersquatting in violation of 15 U.S.C. § 1125(d). Doc. No. 59.

Defendants Usher-Sparks and Taylor filed a prior motion to dismiss the second amended complaint based on insufficiency of service of process, lack of personal jurisdiction and improper venue. Doc. No. 62. Health Science responded to the motion. Doc. No. 63. The undersigned issued a Report and Recommendation on the motion to dismiss and recommended that the motion be denied without prejudice and that Health Science be given thirty (30) days following the entry of an order on the Report and Recommendation to perfect service upon Usher-Sparks and Taylor. Doc. No. 67.

If Health Science failed to perfect service within that period, I recommended that the claims against Usher-Sparks and Taylor be dismissed. *Id.*

The presiding district judge adopted that Report and Recommendation and gave Health Science until November 25, 2011 to perfect service upon Usher-Sparks and Taylor and to file proof of such service with the Court. Doc. No. 68. Health Science was advised that failure timely to file such proof may result in their claims against Usher-Sparks and Taylor being dismissed without further notice. *Id.* On December 2, 2011, Health Science filed its proof of service for Usher-Sparks and Taylor, which indicated that they had been served on October 8 and October 12, 2011, respectively. Doc. Nos. 84, 85.

On October 28, 2011, Usher-Sparks and Taylor filed the above-referenced motion to dismiss based on insufficient service of process, lack of personal jurisdiction and improper venue. Doc. No. 69. Health Science filed a response to the motion to dismiss. Doc. No. 78. The Court has considered the motion and response and the matter is ripe for determination.

On October 31, 2011, the Wellsprings entities filed a motion to dismiss based on insufficient service of process. Doc. No. 70. Health Science responded to that motion and filed a motion for extension of time to effect service upon the Wellsprings entities. Doc. Nos. 77, 80. The Wellsprings entities filed a response to the motion for an extension of time. Doc. No. 86. The Court has considered the motions and responses and these matters are also ripe for resolution. The motions were referred to the undersigned for issuance of a Report and Recommendation.

**II. ANALYSIS.**

   *A.   Sufficiency of Service of Process.*

   1.   <u>Usher-Sparks and Taylor</u>.

Federal Rule of Civil Procedure 4(f)(1) provides for service of a foreign individual defendant as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention), Nov. 15, 1965, [1969] T.I.A.S. No. 6638, 1969 WL 97765 (U.S. Treaty). Compliance with the Hague Convention is mandatory in all cases in which it applies. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Article 10 of the Hague Convention states that "[p]rovided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents by postal channels, directly to persons abroad . . . , (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." T.I.A.S. No. 6638, 1969 WL 97765 (U.S. Treaty).

Patrick Wheeler, a solicitor of Senior Courts of England and Wales, filed declarations regarding service of process under the Hague Convention and the English Civil Procedure Act of 1997. Doc. Nos. 69-1, 69-2. He confirms that both the United States and the United Kingdom are parties to the Hague Convention. Doc. No. 69-1 at 1.

The United Kingdom objected to service of documents "through official channels" by the means set forth in Article 10(b) and (c). This objection does not apply, however, to direct service on

a defendant without using the official channels of service through a Central Authority. *See Tax Lease Underwriters, Inc. v. Blackwall Green, Ltd.*, 106 F.R.D. 595, 596-97 (E.D. Mo. 1985).[2]

Health Science contends that it perfected service of process on Usher-Sparks and Taylor through direct service. Martin Pearce, who represents that he is a process server for Truro, Cornwall, United Kingdom, states that he personally served Usher-Sparks with the summons and associated documentation in this case at the behest of Health Science. Doc. No. 84. Matthew Thomas Barry, who represents that he is a agent of the Burton Regan Detective Bureau in Leeds, United Kingdom, states that he personally served Taylor with the summons and attached papers in this case at the behest of counsel for Health Science. Doc. No. 85.[3]

There can be no dispute that Health Science and its counsel are persons interested in the judicial proceeding as provided for in Article 10(c). The question presented is whether Pearce and Barry are "competent persons of the State of destination," the UK, who may perfect personal service under Article 10(c). Wheeler declares that "[w]hilst service via English Solicitors is stated to be the preferred route of direct service under the Convention, at this time there is no English law guidance on whether service by another route, such as by a process server, is indeed a valid method of service of foreign proceedings in England and Wales." Doc. No. 69-1 at 3. Wheeler also declares that personal service of a claim can be made under the English Civil Procedure Act of 1997 by leaving the

---

[2] Wheeler does not specifically address whether the United Kingdom objected to personal service as provided for in Article 10(c). He indicates, however, that United Kingdom prefers direct service of residents of England and Wales through English solicitors. Doc. No. 69-1 at 3.

[3] The Court's order extending time to perfect service of process required proof of service to be filed by November 25, 2011. Doc. No. 68. The returns of service were not filed until December 2, 2011. I recommend that the case not be dismissed on that basis. *See* Fed. R. Civ. P. 4(l)(3).

-5-

claim form with the individual. According to Wheeler, this is usually done by employing a process server. Doc. No. 69-2 at 1-2.

Usher-Sparks and Taylor offer no legal authority establishing that Pearce and Barry are not competent persons to perfect personal service. Because service of process by a process server is a method permitted by English law, it is valid under Article 10(c). *See Koehler v. Dodwell*, 152 F.3d 304, 307-08 (4th Cir. 1998); *Richardson v. Attorney General for the British Virgin Islands*, No. 3:08-cv-144, 2010 WL 2949438, at *1 (D.V.I. July 23, 2010). *But see Thomas & Thomas, Rodmakers, Inc. v. Sharpe's, Inc.*, No. 1:06-cv-421, 2007 WL 1057382, at * 4- 5 (S.D. Ohio April 5, 2007)(holding that personal service of foreign process in the United Kingdom must be accomplished by a solicitor admitted to practice in the UK if the provisions for service through the Central Authority are not followed).

Usher-Sparks and Taylor contend that service of process was untimely under UK law because the English Civil Procedure Rules require that the claim form be personally delivered to the defendant "before 12:00 midnight on the calendar day four months after the date of issue of the claim form." Doc. No. 69-2 at 1. As discussed above, however, service was perfected under the Hague Convention not under English law. Therefore, the time limitation of English law does not apply. Federal Rule of Civil Procedure 4(m) by its terms does not require that service be perfected in a foreign country within 120 days.

For these reasons, I recommend that the Court find that service of process was perfected on Usher-Sparks and Taylor as provided for under Article 10(c) of the Hague Convention, and that such service was timely.

### 2. The Wellsprings Entities.

The Wellsprings entities also argue that Health Science has not properly served them with the second amended complaint. Doc. No. 70. It submitted a declaration by Paul Richardson, a barrister and Managing Partner of AFR Advocates, a firm of Guernsey advocates, in support of its position. Doc. No. 70-1.

Health Science has not filed proofs of service on the Wellsprings entities. Instead, it cites Defendants' motion to dismiss for the assertion that the documents were "personally delivered" to the Wellsprings entities. Doc. No. 77 at 2. In the motion to dismiss, the Wellsprings entities admit that photocopies of the summons and second amended complaint were delivered to a corporate address on the island of Guernsey in the Channel Islands. Doc. No. 70 at 2.

Guernsey is a participant in the Hague Convention. *International Controls Corp. v. Vesco*, 593 F.2d 166, 179 n.14 (2d Cir. 1979). Health Science does not argue that service on the Wellspring entities was made through official channels and it has not argued or shown that it properly delivered the summons and complaint to the Wellsprings entities pursuant to Article 10 of the Hague Convention. Rather, Health Science contends that delivery to an unspecified corporate address was proper under Rule 4(f)(2)(A), which permits service as prescribed by a foreign county's law "if there is no internationally agreed means, or if an international agreement allows but does not specify other means." Article 19 of the Hague Convention provides that "[t]o the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions." T.I.A.S. No. 6638, 1969 WL 97765 (U.S. Treaty).

Once again, however, Health Science offers no legal authority to support its contention that service was proper under the law of Guernsey. It states only that "Health Science was informed by professionals in both the U.K. and in Guernsey that such service was effective." Doc. No. 77 at 2. Particularly in light of the history of this case and the Court's prior instructions to counsel about the need to present evidence to establish that service was proper, reliance on such hearsay representations is absurd. Although Health Science indicates that it has now contacted a solicitor in Guernsey and another in the Bahamas where Wellsprings Trading Ltd. is registered, it has not provided any evidence from either of these individuals.

In contrast, the Wellsprings entities provided an opinion of Paul Richardson, a barrister from Guernsey. Richardson states that service of process in Guernsey is governed by the provisions of the Royal Court Civil Rules 2007 (RCCR). Under the RCCR, an action is commenced when the summons is handed by the plaintiff to Her Majesty's Sergeant (Sergeant) unless the court has made an order for substituted service or granted leave for service to be effected outside the jurisdiction or a party's Advocate has agreed to accept service on behalf of a party. Doc. No. 70-1 at 2. The Sergeant then serves the papers on the corporation by leaving the document at the registered office in the Island of the body corporate or, if the corporation has no such registered office but carries on business in the Island, by leaving the document at any place of business in the Island, or by other means not relevant here. *Id.* at 4.

Because Health Science has not established that it tendered the summons to the Sergeant or that the Sergeant delivered the papers to the Wellsprings entities at their registered office or, if there is no registered office, at their place of business, service of process has not been perfected on the

Wellsprings entities under Rule 4(f)(2). Therefore, the Court need not address the question of whether such service is "reasonably calculated to give notice," as required by Rule 4(f)(2).[4]

Health Science requests that in the event the Court finds that service of process has not been perfected, it be given a sixty-day extension of time in which to effect service. The Wellsprings entities were added as corporate party defendants in July 2011. Doc. No. 59. Health Science has had five months to research the applicable laws regarding service and obtain the assistance of qualified legal professionals to assist in perfecting service, but it has only recently begun that process. In light of the prior proceedings in this case and the time that has elapsed, I recommend that the Court give Health Springs thirty days from the date of this Report and Recommendation to perfect service on the Wellsprings entities and to file proof of such service with the Court. If service is not perfected within that time, or if Health Science again fails to provide evidence and legal authority showing that service was properly perfected, if service is again challenged, it would be appropriate for the Court to dismiss the claims against the Wellsprings entities.

## III.  RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendants Robert Usher-Sparks and Trevor Taylor's Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5), Doc. No. 69, be **DENIED** as to insufficiency of service of process only.

I also recommend that Defendants Wellsprings Trading Ltd. and Wellsprings Ltd.'s Motion to Dismiss for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5), Doc. No. 70, be

---

[4] In that regard, however, it is worth noting that Rule 4(h)(2) provides that a foreign corporation cannot be served by personal delivery.

**GRANTED in part** because service of process has not been perfected as to the corporate defendants at this time. I further recommend that Health Science's Motion for Additional Time to Effect Service, Doc. No. 80, be **GRANTED in part** and that Health Science be given thirty days from the date of this Report and Recommendation to perfect service on Wellsprings Trading Ltd. and Wellsprings Ltd. and file proof of service with the Court. If Health Science does not file proof of service of both corporate defendants within that time, I recommend that the second amended complaint be dismissed as to the Wellsprings entities.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 19, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE